IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE HERRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-00653-NJR-SCW |
| | ) |
| GRACO, INC., THE SHERWIN-WILLIAMS COMPANY, CAMPBELL HAUSFELD, A-1 BUILDINGS, INC., NORMAL BROWN, ROBERT DEVOUS, and A. SCOTT FETZER COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the issue of subject matter jurisdiction and Plaintiff George Herron's motion to remand (Doc. 22). On September 7, 2016, the Court *sua sponte* raised the issue of subject matter jurisdiction, as the Notice of Removal filed by Defendant Graco, Inc. (Doc. 1), did not adequately demonstrate that jurisdiction is proper in this Court. On September 21, 2016, Graco provided a jurisdictional memorandum that fully addressed its reasons for removing the case to federal court (Doc. 19). Defendant Campbell Hausfeld joined in Graco's memorandum (Doc. 21). In response, Herron filed a motion to remand to state court (Doc. 22). On November 7, 2016, Graco filed a response in opposition to Herron's motion to remand (Doc. 23). For the following reasons, the Court remands this action to Illinois state court.

### FACTUAL AND PROCEDURAL BACKGROUND

Herron initiated this action on February 9, 2015, by filing a complaint in the

Circuit Court of St. Clair County, Illinois (Doc. 1-1). Graco was served on June 19, 2015 (Doc. 19, p. 4). The complaint alleges that Herron, an employee of Caterpillar, was cleaning an airless spray paint assembly by running solvent through a pump, hose, and spray gun into a 55-gallon metal drum when an explosion occurred, causing Herron to suffer extensive burns (*Id.*). At the time of the accident, Herron was working in an expansion to an existing building at Caterpillar's mining plant in Carrier Mills, Illinois (Doc. 19, p. 4; Doc. 1-3, p. 5). The facility where the accident occurred straddles both Saline County and Williamson County, Illinois (Doc. 1-3, p. 5).

Herron sued Graco, a Minnesota corporation that manufactured the pump; Campbell Hausfeld, an Ohio corporation that manufactured the spray gun; The Sherwin-Williams Company, an Ohio corporation that sold the pump and spray gun; and A-1 Buildings, an Illinois corporation that designed and constructed the building addition for Caterpillar that was used for spray painting with various paints and solvents. Herron also sued two individual Illinois citizens, Norman Brown and Robert Devous, the electricians responsible for installing the electrical system in the building addition designed and constructed by A-1 Buildings (*Id.*). All defendants moved for a change of venue to Williamson County, which led to limited discovery on the issue of venue (*Id.*).

The Illinois Circuit Court scheduled several case management conferences throughout 2015 and three separate hearings on Defendants' motions to transfer venue for forum *non conveniens*. Plaintiff failed to appear at the first hearing on the motion to transfer venue, scheduled for February 17, 2016 (Doc. 1-1, p. 47). That same day, just

more than a year after the action commenced, counsel for Brown and Devous faxed a letter to counsel for Campbell Hausfeld stating that Brown and Devous would be withdrawing their motions to transfer venue (Doc. 1-2). The letter explained that counsel for Brown and Devous had spoken with Herron's counsel regarding his clients' lack of insurance. Herron's counsel agreed "not [] to pursue any action against them or seek to enforce any Judgment against them in exchange for [Brown and Devous] withdrawing [their] motions regarding venue as well as mak[ing] each of the Defendants available for a deposition and Trial in St. Clair County" (*Id.*).

On May 18, 2016, at the rescheduled venue hearing, Plaintiff's counsel stated that Brown and Devous may not have insurance coverage and "the only agreement we made is that we would not collect personally against them for their agreement to come to St. Clair County. They both agreed." (Doc. 20-1, p. 26). Prior to the hearing, Plaintiff voluntarily dismissed A-1 Buildings, the other Illinois defendant, without prejudice (Doc. 20-5).

With A-1 Buildings dismissed and an agreement by Plaintiff not to pursue any action against Brown and Devous or to seek to enforce any judgment against them personally, on June 15, 2016, Graco removed the case to this Court on the basis of diversity jurisdiction. Graco asserts this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are diverse citizens and the amount in controversy exceeds $75,000. Graco claims that this case falls under the bad faith exception to the removal deadline provided in 28 U.S.C. § 1446. Graco also asserts that Brown and Devous were fraudulently joined.

Graco admits that there is no bad faith "smoking gun" in this case, but points to circumstantial evidence that it claims is proof of Herron's bad faith. For example, while the complaint was filed on February 9, 2015, Graco was not served until June 19, 2015 – more than three months later (and one-fourth of the way through the one-year removal deadline). Graco further notes that Herron did not conduct any case-related activities during the year after filing the complaint. Graco also claims that Herron prevented Defendants' forum motions from being heard until the one-year period had lapsed. Finally, Graco argues that after one year, Herron dismissed A-1 Buildings and agreed not to pursue his claims or enforce any judgment against Brown and Devous because he never intended to pursue the Illinois Defendants anyway. Graco claims this demonstrates both bad faith and foul play.

Graco also asserts that fraudulent joinder is a separate basis for removal. Graco claims that Herron's alleged agreement not to recover against Brown and Devous in exchange for withdrawing their venue motions is evidence that Herron has abandoned his claims against the individual defendants, and they are now fraudulently joined. Accordingly, since A-1 Buildings has been dismissed, the case is now removable.

On October 4, 2016, Herron filed a motion to remand and response to Graco's jurisdictional memorandum (Doc. 22) asserting that he has diligently litigated the case, and Defendants share responsibility for the pacing of the case. He also argues that he properly and sufficiently pleaded negligence claims against Brown and Devous, the agreement with Brown and Devous was not executed or signed, Brown and Devous have not withdrawn their forum motions per the proposal, and no settlement agreement

has been reached. Accordingly, he has not abandoned his claims against the individual Illinois defendants, and diversity does not exist. Herron also seeks reasonable costs and attorney fees in seeking remand to state court.

Graco filed a response to Herron's motion to remand on November 7, 2016 (Doc. 23). In its response, Graco notes that Herron failed to address its bad faith arguments. Graco further argues that, signed or not, the agreement between Herron, Brown, and Devous was that Brown and Devous would withdraw their motion to transfer venue in exchange for Herron's agreement not to pursue any action against them or seek to enforce any judgment against them. Once Brown and Devous withdrew their motion,[1] Plaintiff was bound by his promise not to pursue any action against those Defendants.

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See*

---

[1] It is unclear to the Court based on the record before it whether Brown and Devous actually withdrew their motion to transfer venue in state court per the alleged agreement.

*Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. Apr. 13, 2012).

"Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

Pursuant to 28 U.S.C. § 1332(a)(1), this Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). The statute further states that "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2).

Under 28 U.S.C. § 1446, which governs the time for removal, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Section 1446 provides further that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action*." 28 U.S.C. § 1446(c)(1) (emphasis added). "[W]hen an action is "commenced" for purposes of the removal statutes is determined by the law of

the state where a removed action originally was filed. *Loellke v. Moore*, No. 12-2-GPM, 2012 WL 253373, at *1 (S.D. Ill. Jan. 26, 2012) (citing *Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, 750–51 (7th Cir. 2005)). Under Illinois law, an action "shall be commenced by the filing of a complaint." 735 ILCS 5/2-201.

## ANALYSIS

**A.    Motion to Remand**

Herron "commenced" this action when he filed his complaint in St. Clair County on February 9, 2015. Graco did not remove the case until June 19, 2015, however, less than 30 days after A-1 Buildings was dismissed from the case but well past the one-year deadline for removing under § 1446. Graco argues that Herron acted in bad faith to prevent Defendants from removing the case; thus, it was permitted to remove past the one-year cutoff, pursuant to § 1446(c)(1).

The record before the Court indicates that a status conference was held on May 13, 2015, where the Circuit Court noted that service was not yet accomplished on all defendants. The cause was reset for a case management conference on June 17, 2015 (Doc. 1-1, p. 41). The parties met again on June 30, 2015, when the Circuit Court took up The Sherwin-Williams Company's motion for leave to conduct forum discovery. However, because Plaintiff's counsel was not present, the court moved the hearing to July 15, 2015 (*Id.*, p. 43). On July 15, 2015, the court granted the motion to conduct forum discovery and set the next case management conference for September 24, 2015 (*Id.*, p. 44). The matter was then reset for a status conference on December 7, 2015 (*Id.*, p. 45), at which time the court granted a motion by Campbell Hausfeld for a briefing schedule and set a hearing on the pending forum motions for February 17, 2016—after the

one-year removal deadline (*Id.*, p. 46). Herron's counsel missed the February 17, 2016 hearing because he never received notice of the hearing. That hearing was ultimately reset for May 18, 2016.

Based on this evidence, the Court is not convinced that Herron acted in bad faith to prevent removal within the one-year deadline imposed by § 1446. While counsel for Herron certainly caused some delays in state court, it was Defendants' requests for forum discovery and for additional briefing that took the case to the one-year mark without any discovery having been completed on the merits of the case. And while Plaintiff filed the case in St. Clair County to begin with, causing Defendants to file their forum *non conveniens* motions, Graco admits that "Sherwin-Williams operates a facility in St. Clair County, so Plaintiff technically complied with the venue statute . . . ." (Doc. 19, p. 14). The Court does not find Herron's initial filing of the complaint in St. Clair County, nor his subsequent actions that caused minor delays in the litigation, to constitute bad faith. *See Brazell v. Gen. Motors, LLC*, No. CA 6:14-4588-TMC, 2015 WL 1486932, at *4 (D.S.C. Mar. 30, 2015) (it "is not inherently bad faith to use strategy to defeat federal jurisdiction"); *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1273 (D.N.M. 2014) ("There is nothing wrong with plaintiffs having a preference for state court, nor is there anything inherently invidious or 'bad faith' about using deliberate tactics to defeat federal jurisdiction.").

The Court is also not convinced that Herron's dismissal of A-1 Buildings and his agreement with Brown and Devous justifies the late removal of this case. "For the bad faith exception to apply, the court must find that Plaintiff 'has acted in bad faith *in order*

*to prevent* a defendant from removing the action.'" *Mansilla-Gomez v. Mid-S. Erectors, Inc.*, No. 0:14-CV-00308-JFA, 2014 WL 1347485, at *2 (D.S.C. Apr. 3, 2014) (citing 28 U.S.C § 1446(c)); *see also Aguayo*, 59 F. Supp. 3d at 1273 ("Bad faith should not refer simply to a desire to stay in state court; the Court will demand that this desire be the but-for cause of the plaintiff's decision to keep the removal spoiler joined in the case past the one-year mark."). The bad faith exception does not apply when other factors could have motivated the plaintiff's actions. *See Mansilla-Gomez*, 2014 WL 1347485, at *2.

Here, Graco itself has identified another possible motivation for Herron's actions: to bolster his odds of defeating Defendants' motions to transfer venue for forum *non conveniens* and keeping the action in St. Clair County as opposed to Williamson County. In its jurisdictional memorandum, Graco explains:

> [O]n February 17, 2016, the very day that he failed to appear at the first motion to change venue hearing . . . he secured an agreement from Brown and Devous to withdraw their motion to change venue. . . . Taking Brown and Devous out of the picture was important for Plaintiff, because as retirees who live near Marion, they had a persuasive argument that Williamson County would be a more convenient venue for this action. . . . Next, on May 18, the day of the rescheduled hearing, Plaintiff dismissed without prejudice A-1 Buildings, who as a Williamson County resident asserted convenience arguments similar to Brown and Devous."

(Doc. 19, p. 5-6). Given this other potential motivating factor for Herron's actions in state court, the Court declines to find these actions evidence of bad faith.

Finally, the Court is unpersuaded that Brown and Devous are fraudulently joined as defendants in this action. Graco has not argued that Herron *cannot* recover against Brown and Devous because his causes of action have no chance of success, the test for fraudulent joinder recognized by the Seventh Circuit. *See Poulos v. Naas Foods, Inc.*, 959

F.2d 69, 73 (7th Cir. 1992). Contrary to Graco's suggestion, Herron has not entered a binding "settlement agreement" with Brown and Devous. Moreover, "a good-faith plaintiff need not seek a judgment at all—discovery is a perfectly legitimate end for naming a defendant, provided the claims asserted are not frivolous." *Aguayo*, 59 F. Supp. 3d at 1282-83. "Even if the Court were to demand that plaintiffs seek to keep removal-spoiling defendants in the case all the way to verdict and judgment, there are reasons other than money, such as emotional closure or a sense of justice, to take a defendant . . . to trial." *Id.* at 1283. In this case, the agreement with Brown and Devous indicated they would still testify at a deposition and at trial, and Graco has not alleged that the claims against them are frivolous. Therefore, Brown and Devous are not fraudulently joined.

In sum, the Court holds that Herron did not act in bad faith to prevent removal, and Brown and Devous are not fraudulently joined. As a result, the removal of this case is untimely and procedurally defective. *See Loellke*, 2012 WL 253373, at *2.

**B.     Herron Is Not Entitled to Reasonable Costs and Attorney Fees**

Within his motion to remand, Herron requests costs and attorney fees. When remanding an action to state court, a district court may require defendants to pay just costs and actual expenses that a plaintiff has incurred as a result of improper removal. 28 U.S.C. § 1447(c). An award of costs and fees under § 1447(c) is appropriate where the removing party lacked an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In the Seventh Circuit a removal is objectively unreasonable so as to warrant an award under Section 1447(c) only if the

removal violates Seventh Circuit law as that law has been established by the decisions of the United States Court of Appeals for the Seventh Circuit and the Supreme Court of the United States." *Loellke*, 2012 WL 253373, at *2 (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793–94 (7th Cir. 2007)).

The Court concludes that Graco's attempt to remove this action pursuant to the bad-faith exception in § 1446 was not objectively unreasonable. The Seventh Circuit has yet to provide a standard for application of the bad faith exception, and the contours of the law are still developing. Furthermore, Graco supported its removal with specific reasoning and did not contradict binding authority. Accordingly, the Court denies Herron's request for attorney fees and costs.

## CONCLUSION

For these reasons, the Motion to Remand filed by Plaintiff George Herron (Doc. 22) is **GRANTED**. The Court **REMANDS** this action to the Circuit Court of St. Clair County, Illinois, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Herron's request for attorney fees and costs is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 15, 2016

_____
**NANCY J. ROSENSTENGEL
United States District Judge**